**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**KENNETH M. ANDERSON,**

> **Plaintiff,**

**v.**                                                    **Case No. 2:16-cv-03686**

**CHARLESTON MAIN POST OFFICE,**

> **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is the defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (ECF No. 4).

## PROCEDURAL HISTORY

On April 15, 2016, the plaintiff filed the instant Complaint (ECF No. 1) and paid the applicable $400 filing fee.  The plaintiff's one-page Complaint alleges that the "Charleston Main Post Office and certain mail carriers" have "refus[ed] to deliver mail properly, sometimes not at all."  (ECF No. 1 at 1).  The Complaint further alleges as follows:

> Letters are cut open that were taped closed by the senders.  One incident of a postal worker peeling a stamp from a letter.  Twice I paid for a return receipt and not receiving it.  This is a violation of federal law.  It has been occurring for five years – non stop.

(*Id.*)

On June 3, 2016, the defendant filed a Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (ECF No. 4) and a Memorandum of Law in support thereof (ECF No. 5).  The defendant's motion documents assert that "[t]he Postal Reorganization Act made the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671-2680, applicable to 'tort claims arising out of [Postal Service] activities.'"  39 U.S.C. § 409(c).  (ECF No. 4 at 1).  Construing the plaintiff's Complaint to be alleging negligence (a common law tort) in the handling of his mail, the defendant (hereinafter "the Government") asserts that the plaintiff's claim is properly addressed, if at all, under the FTCA.  (*Id.*)  The Government has moved to dismiss the Complaint for lack of subject matter jurisdiction because the plaintiff has not alleged or demonstrated exhaustion of the FTCA's administrative claim requirements.

On June 9, 2016, the plaintiff filed a Letter-Form Response to the Motion to Dismiss (ECF No. 6), in which he requests that the court deny the motion and summarily asserts that he can prove his allegations "beyond doubt in court."  The one-page Response does not address, in any way, the administrative exhaustion issue.  On June 20, 2016, the Clerk's Office received what appears to be an exact duplicate of the plaintiff's Response to the Motion to Dismiss (ECF No. 7).  The Government did not file a reply brief.  This matter is ripe for adjudication.[1]

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  However, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the

---

[1]  On January 3, 2017, the Clerk's Office received and docketed a Notice of Change of Address from the plaintiff and updated his address on the docket sheet.

subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

"As sovereign, the federal government is immune from suit unless it consents to be sued." *United States v. Sherwood*, 312 U.S. 584 (1941); *see also Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990).  The FTCA creates a limited waiver of sovereign immunity, subject to the prerequisites of the Act.  *McCoy v. U.S. Postal Serv.*, 890 F. Supp. 529, 531 (S.D. W. Va. 1995).  Based upon the allegations in the Complaint, the Government appears to be immune from suit, unless the Complaint is liberally construed to be brought under the FTCA.[2]

---

[2]  The undersigned notes that, beyond the allegations set forth herein, the Complaint contains no additional statement of facts and no request for relief.  The undersigned further notes that, on the Civil Cover Sheet filed with the Complaint (ECF No. 1-1), the plaintiff checked two boxes in the section titled "Nature of Suit."  First, the plaintiff checked a box for "All other real property."  Because this matter does not in any way involve "real property," that cannot be a basis for suit herein.  Second, the plaintiff checked a box for "Racketeer Influenced and Corrupt Organizations."  Federal law provides for a civil suit under a section of the "Racketeer Influenced and Corrupt Organizations Act" (also known as the "RICO Act"), 18 U.S.C. § 1964(c).  However, to the extent that the plaintiff may be seeking to bring such a claim herein, federal case law has not permitted a civil RICO suit in which the United States, or its agencies, is a defendant.  *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (There can be no RICO claim against the federal government because a federal agency is not subject to state or federal criminal prosecution); *See also McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993); *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996); *Pieczenik v. Domantis*, 120 F. App'x 317, 2005 WL 78810 (Fed. Cir., Jan. 13, 2005) (federal government is not a person capable of engaging in racketeering activity that is indictable under state or federal law).  Even if the plaintiff could properly sue the United States, its agencies, or its individual employees under the RICO statutes, the allegations contained in the Complaint wholly fail to state any plausible claim thereunder.  Aside from the boxed checked on the Civil Cover Sheet, the Complaint contains no factual support for such a claim and does not even mention the RICO Act or its elements therein.  *Gus Who v. U.S. Gov't,* 5:16-cv-02993-EJD, 2016 WL 4363408 (N.D. Cal, Aug. 16, 2016) (Complaint against federal government summarily referencing a "racketeer influenced and corrupt organization" fails to state a claim upon which relief can be granted).  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no other plausible claim for relief asserted by the plaintiff that could give rise to a jurisdictional basis for consideration of the plaintiff's Complaint, and therefore this civil action should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4) is predicated on the fact that the plaintiff has not exhausted the appropriate administrative remedies prior to filing his Complaint.  As noted in the Government's Memorandum of Law, it is a jurisdictional requirement that the plaintiff file and exhaust an administrative claim prior to filing suit.  *See* 28 U.S.C. § 2675[3]; *see also Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993); *Dupont v. United States*, 980 F. Supp. 192, 195 (S.D. W. Va. 1997); *Johnson v. United States*, 906 F. Supp. 1100 (S.D. W. Va. 1995); *McCoy v. U.S.P.S.*, 890 F. Supp. 529, 531-32 (S.D. W. Va. 1995); *Hurt v. United States*, 889 F. Supp. 248, 252 (S.D. W. Va. 1995).  (ECF No. 5 at 1).

As further noted by the Government, the failure to exhaust administrative remedies deprives the court of subject matter jurisdiction, and the court may not hold the case in abeyance while the plaintiff exhausts the available administrative remedies. *McNeil v. United States*, 508 U.S. 106 (1993); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).  (*Id.* at 1-2).

---

Moreover, to the extent that the plaintiff may be requesting that criminal charges (under the RICO Act or otherwise) be brought against Postal Service employees (who are not specifically identified anywhere in the Complaint documents), the plaintiff is **NOTIFIED** that this federal court cannot institute or pursue criminal charges.  Rather, that is the duty of the United States Attorney General or the United States Attorneys under his or her supervision.

[3]  Section 2675 of Title 28 provides as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675.

In accordance with the authority addressed herein, the undersigned agrees that the plaintiff has not met his burden of demonstrating that he has exhausted the appropriate administrative remedies concerning the claim(s) raised in his Complaint. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over the plaintiff's claims. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4) and **DISMISS** the plaintiff's Complaint (ECF No. 1), without prejudice, for lack of subject matter jurisdiction.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); United States v. *Schronce*,

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.


<u>January 23, 2017</u>

Dwane L. Tinsley
United States Magistrate Judge