IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH M. ANDERSON,

          Plaintiff,

v.                                              CIVIL ACTION NO.   2:16-cv-03686

CHARLESTON MAIN POST OFFICE,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Complaint, which claims that the Charleston Main Post Office and its mail carriers improperly delivered mail, opened letters addressed to Plaintiff, peeled a stamp from a letter, and failed to deliver two return receipts that Plaintiff requested, all in "violation of federal law."  (ECF No. 1.)  By Standing Order entered January 4, 2016, and filed in this case on April 15, 2016, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R").  (ECF No. 3.)  Magistrate Judge Tinsley filed his PF&R on January 23, 2017, recommending that this Court grant Defendant's Motion to Dismiss United States for Lack of Subject Matter Jurisdiction, (ECF No. 4), and dismiss Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction. (ECF No. 9.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file

timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on February 9, 2017. To date, no objections have been filed.

The PF&R liberally construes the Complaint as alleging causes of action under the Federal Tort Claims Act ("FTCA"), (ECF No. 9 at 4), which exempts the United States Postal Service from liability for "any claim arising out of loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). While most of the allegations in the Complaint can be broadly construed as negligence claims, the Court notes that "peeling a stamp from a letter," for example, may be intentional conduct not covered under the FTCA. *See McDonald v. U.S. Postal Service*, No. ELH–12–2759, 2013 WL 140914, at *2–3 (D. Md. Jan. 10, 2013) (construing plaintiff's claim related to the local post office's "*deliberate* failure . . . to follow her instructions" as a request for mandamus relief under 28 U.S.C. § 1361 as opposed to a claim under the FTCA but holding that plaintiff failed to identify a legal duty that establishes jurisdiction (emphasis added)). *But see Emmons v. U.S. Post Office*, No. 89-15292, 1990 WL 37928, at *1 (9th Cir. Apr. 3, 1990) (upholding the district court's order dismissing the complaint for lack of subject matter jurisdiction under 28 U.S.C. § 2680(b) despite claims that "the Post Office had 'tampered' with [plaintiff's] mail"). The FTCA will not protect a postal employee from intentional conduct occurring outside the scope of employment. *See Honeycutt v. United States*, 622 F. Supp. 2d 350,

353–54 (S.D. W.Va. 2008) (applying West Virginia law to find that a postal employee was not acting within the scope of his employment when he intentionally opened the plaintiff's package); *see also United States v. Smith*, 810 F.2d 996, 998 (10th Cir. 1987) (holding that trespassory actions done for a personal objective and not to further any government interest, such as a postal employee who opens and tampers with mail packages, are not within the scope of employment). However, the Complaint does not set forth enough facts to state a claim to relief related to the deliberate conduct of particular postal employees that appears cognizable in federal court, nor does the Complaint name any individual employees who allegedly carried out these actions. Thus, the Court cannot construe the Complaint as sufficiently raising a cause of action based on intentional conduct not covered by the FTCA.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 9), and **GRANTS** Defendant's motion to dismiss. (ECF No. 4.) Further, the Court **DISMISSES** the Complaint **WITHOUT PREJUDICE**, (ECF No. 1), and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 10, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE